UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _______________

JENNA BRENNALT, REBECCA THACKER,
BRENDON BICKMORE and HANNAH DUNLAP
individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

TROPICAL EXCHANGE CORP., a Florida corporation, D/B/A
TROPICAL RECYCLING; and BRIAN KATZ, individually,

Defendants.
_____________________________________________/

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs, JENNA BRENNALT ("BRENNALT"), REBECCA THACKER ("THACKER"), BRENDON BICKMORE ("BICKMORE") and HANNAH DUNLAP ("DUNLAP")(collectively "Plaintiffs"), individually and on behalf of all others similarly situated, and for their causes of action against Defendants, TROPICAL EXCHANGE CORP., a Florida corporation ("TROPICAL"); and BRIAN KATZ ("KATZ"), individually; (collectively referred to herein as "Defendants") state:

### The Parties

1. BRENNALT is an individual residing in Palm Beach County, Florida.
2. THACKER is an individual residing in Palm Beach County, Florida.
3. BICKMORE is an individual residing in Palm Beach County, Florida.
4. DUNLAP is an individual residing in Palm Beach County, Florida.

5. TROPICAL EXCHANGE CORP., is a Florida corporation doing business in Palm Beach County Florida. TROPICAL's principal place of business is located at 2625 Electronics Way, West Palm Beach, FL 33407.

6. Upon information and belief, KATZ, at all times material, was and is a resident of Palm Beach County, Florida.

7. Upon information and belief, KATZ, at all times material, was or is the current or former managing partner or owner of TROPICAL and has otherwise at all times relevant acted as the managing member, owner and operator of TROPICAL.

8. Upon information and belief KATZ, at all times hereto was responsible for running TROPICAL's' day to day operations. In this regard, KATZ:

a. Had the power to hire, fire and discipline Plaintiffs and others similarly situated;

b. Supervised and directed the work of Plaintiffs and others similarly situated;

c. Determined rates of pay and method of compensation for Plaintiffs and others similarly situated

d. Set and or approved the hours of work for Plaintiffs and others similarly situated; and

e. Had control over the FLSA violations alleged below. As a result, at all times material KATZ acted directly or indirectly in the interest of an employer within the meaning of §203(d) of the FLSA and he is personally liable for the FLSA violations allege below.

9. Plaintiffs, and all similarly situated employees, were non-exempt employees of Defendants and scheduled and required to work for TROPICAL in the same job and capacity. Plaintiffs were employed as "laborers.". Plaintiffs BENNALT, THACKER and DUNLAP were employed from approximately November 2, 2015 through December 6, 2015. Plaintiff BICKMORE was employed from approximately March 2013 through December 6, 2015.

10. While employed as "laborers" Plaintiffs were paid an hourly wage of $8.00 per hour.

11. As "laborers" Plaintiffs worked as laborers and reported to KATZ.

12. As "laborers" Plaintiffs' primary duties and functions were to work with and sort materials such refuse, bottles, metals etc. originating from out of the state of Florida for purposes of recycling and resale nationwide.

13. As "laborers" Plaintiffs were non-exempt employees as defined by the FLSA and entitled to overtime pay for any and all hours worked in excess of 40 per work week.

14. As "laborers" Plaintiffs were individually on a daily or regular basis engaged in interstate commerce as defined by the FLSA.

15. Plaintiffs by filing this action have and do consent to be a party to the Fair Labor Standards Act ("FLSA") claims of this action pursuant to 29 U.S.C. § 216(b).

16. Plaintiffs and all similarly situated employees are covered employees within the meaning of the FLSA.

17. Defendants have operated and continue to operate a commercial businesses providing recycling and related services to customers from all locations throughout South Florida.

18. Defendants are Plaintiffs' and the putative class' "employer" within the meaning of that term under the FLSA, and/or Defendants are engaged with other entities or individuals in an enterprise subjecting it to the provisions of the FLSA with regard to Plaintiffs' and the putative class' employment.

19. Plaintiffs, and all similarly situated individuals, utilized materials and goods produced in interstate commerce on a daily basis to perform the services that were provided to Defendants customers.

20. Plaintiffs and all similarly situated employees are employees directly engaged on a regular basis in interstate commerce or the production of goods for interstate commerce.

## **Jurisdiction and Venue**

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

22. In addition, this Court has jurisdiction over Plaintiffs' and the putative class members' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

23. This Court may issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

24. Venue is proper in Palm Beach County, Florida, pursuant to 29 U.S.C. §1391.

25. Defendants have substantial contacts and operate a recycling service businesses within Palm Beach County, Florida and are subject to personal jurisdiction of this Court.

26. Defendants are engaged in interstate commerce and have annual gross volume of sales individually and combined in excess of $500,000.00.

27. Plaintiffs brings this action for unpaid wages on behalf of themselves and other similarly situated current and former "laborers" of Defendants.

**COUNT I - FLSA OVERTIME VIOLATIONS**

28. Plaintiff incorporates the allegations contained in paragraphs 1 through 27 as though fully set forth herein.

29. Defendants required Plaintiffs and all similarly situated employees to regularly work more than 40 hours per work week, but failed to pay Plaintiffs and all similarly situated employees the overtime premium at ½ their hourly wage for all hours worked beyond 40.

30. The intentional failure to pay overtime for any work performed during any given work week as alleged in paragraph 29 to Plaintiff and all similarly situated employees was a deliberate attempt by Defendants to avoid their obligations to pay overtime to Plaintiffs and all similarly situated employees as required under the FLSA.

31. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and all similarly situated employees' proper wages.

32. Defendants, individually and/or through an enterprise, have willfully engaged in a pattern and/or practice of unlawful conduct by failing to pay overtime earned on or off the clock to the Plaintiffs and all similarly situated employees, and thus has willfully failed to pay employees the full overtime wage for hours worked in excess of 40 per work week.

33. Plaintiffs bring this action on behalf of themselves and all similarly situated employees pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of 29 U.S.C.§ 216(b), to remedy violations of the wage-and-hour provisions of the FLSA, that have deprived Plaintiffs and all similarly situated employees proper pay.

34. Defendants individually and/or through an enterprise, directed and exercised control over Plaintiffs' and all similarly situated employees' work at all relevant times.

35. Plaintiffs' and all similarly situated employees' work was/is performed pursuant to Defendants' common guidelines and practices.

36. Plaintiffs and all similarly situated employees were paid an hourly wage at all relevant times.

37. Plaintiffs and all similarly situated employees were and are dependent on how they were/are classified as an employee, not on the jobs they performed at the direction of the Defendants.

38. Plaintiffs and all similarly situated employees are not subject to an exemption under the FLSA.

39. The work of the Class Members was and/or is essentially the same as the work of the Class Members described above. At all times during the FLSA class period, all of the Employee Class Members were paid in substantially the same manner and under substantially the same employment guidelines and practices as the Plaintiffs.

40. All similarly situated employees, like the Plaintiffs, are or were all subject to the same policy and/or practice whereby the Defendants willfully failed to record, credit, or properly and completely compensate for work performed beyond 40 hours per work week at the correct hourly rate as required by the terms of the FLSA.

41. The Defendants' refusal to pay Plaintiffs and the Class Members overtime premiums for all hours worked in excess of 40 per work week on and off the clock was and is repeated, willful and intentional.

42. Plaintiffs and all similarly situated employees have been damaged in the amount of difference between the wages they were actually paid and the amount of the wages they should have been paid pursuant to the FLSA and regulations adopted there under.

43. Defendants' refusal to pay Plaintiff and all similarly situated employees time and a half for all hours worked in excess of 40 per work week or the required wage differential violated 29 U.S.C. §§ 201, et. seq.

44. The Defendants' violations of 29 U.S.C.§§ 201, et. seq. were repeated, willful and intentional.

45. Plaintiffs and all similarly situated employees are entitled to liquidated damages in an amount equal to the amount of lost wages as set forth in 29 U.S.C. §201, et. seq.

46. Plaintiffs and all similarly situated employees are entitled to reasonable attorney's fees and costs of this action as set forth in 29 U.S.C. §201, et. seq.

WHEREFORE, Plaintiffs, JENNA BRENNALT, REBECCA THACKER, BRENDON BICKMORE and HANNAH DUNLAP individually and on behalf of all similarly situated employees, pray this Court enter Judgment against the Defendants, TROPICAL EXCHANGE CORP. ., a Florida corporation and BRIAN KATZ, individually, and for the putative class members in an amount that is fair and reasonable under the circumstances, enjoining DEFENDANTS from further violations of the Fair Labor Standards Act, for the costs of this action, attorney's fees, liquidated damages, prejudgment interest thereon from the date the employee was owed the wages, and for such other and further relief as is necessary and proper.

## COUNT II – FLSA RETALIATION

47. Plaintiffs do re-allege and reassert the allegations contained within paragraphs 1 through 27 as if the same were more fully set forth herein.

48. The Plaintiffs bring this action to recover damages for illegal retaliation in violation of the Fair Labor Standards Act, as amended, 29 USC §216(b).

49. At all times relevant the Defendants were charged with the responsibility of paying wages to Plaintiffs in accordance with the requirements of the FLSA.

50. Defendants are an employer as defined by the Fair Labor Standards Act.

51. Throughout the course of their employment with Defendants, Plaintiffs objected to the fact that they and others were not paid overtime as required by the FLSA.

52. Defendants responded to Plaintiffs' objections by advising that they were not entitled to overtime and/or that it was company policy not to pay the same.

53. Plaintiffs continually demanded that they and others be paid all overtime pay and wages due them as required under the Fair Labor Standards Act and Defendants continued to deny any such requests and fired Plaintiffs for making such requests and demands.

54. As a direct result of Plaintiffs' continued opposition and objection to violations of the overtime laws, Plaintiffs were targeted for termination and were thereafter terminated on or about December 6, 2015.

55. Defendants' termination of Plaintiffs was proximately related to and/or in retaliation for seeking to be paid overtime they earned and was due and owed in accordance with the terms of the Fair Labor Standards Act and thus in direct violation of the same.

56. As a result of Defendants' retaliatory acts, Plaintiffs suffered damages in the form of lost wages and benefits both past and into the future.

57. Plaintiffs have retained the services of the undersigned counsel in this matter and have agreed to pay them a reasonable fee for all services rendered.

58. Plaintiffs are entitled to damages, liquidated damages, recovery of their attorneys' fees and costs as allowed by law and declaratory relief in accordance with the Fair Labor Standards Act.

WHEREFORE, Plaintiffs, JENNA BRENNALT, REBECCA THACKER, BRENDON BICKMORE and HANNAH DUNLAP, respectfully requests this Honorable Court to enter judgment against Defendants, TROPICAL EXCHANGE CORP. ., a Florida corporation and BRIAN KATZ, individually, for damages, actual and liquidated and award Plaintiffs reasonable attorneys' fees and costs and grant any further relief that his Court deems just and proper including declaratory relief finding and declaring violations of the FLSA preventing any further violations of the FLSA.

**Demand for Jury Trial**

Plaintiff on behalf of himself and on behalf of all other similarly situated individuals demand a trial by jury on all issues and claims so triable.

CHRISTOPHER C. COPELAND, P.A.
824 W. Indiantown Road
Jupiter, FL 33458
561-691-9048 (office)
866-259-0719 (fax)

/s/ Christopher C. Copeland
CHRISTOPHER C. COPELAND
Florida Bar #938076
*Attorney for Plaintiff(s)*
Chris@CopelandPA.com